UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Danny Kwami Barnes,  Civ. File No. 12-2745 (PAM/SER)

           Petitioner,

v.  **ORDER**

Steve Hammer and the Attorney
General of the State of Minnesota,

           Respondents.

---

This matter is before the Court on Petitioner's objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Steven E. Rau, dated August 29, 2013. In the R&R, Magistrate Judge Rau recommended dismissal of Petitioner's request habeas corpus relief and denial of a certificate of appealability. Pursuant to statute, the Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on a review of the record and Petitioner's submissions, the Court concludes that the R&R is correct and the Petition must be dismissed. The Court will grant Petitioner a certificate of appealability, however.

**A.**     **Dismissal**

The Petition is brought pursuant to 28 U.S.C. § 2254 and raises a challenge to the validity of Petitioner's conviction and sentence based on alleged ineffective assistance of counsel before trial. Petitioner specifically contends that his lawyers were ineffective in advising him not to take a 36-month plea deal, proclaiming that he had a good chance of being acquitted at trial, and predicting that he would receive a 46-month sentence if

convicted. Petitioner was ultimately convicted on all charges against him and the trial court sentenced him to a 138-month term of imprisonment.

Petitioner first challenged his counsel's pre-trial representation before the trial court, which held an evidentiary hearing on the issue. The trial court determined that Petitioner's counsels' advice was not objectively unreasonable and that Petitioner was not prejudiced by any alleged shortcomings in their representation. The trial court specifically noted that the evidence showed that Petitioner knew that he faced 15 to 25 years' imprisonment and that he willingly rejected the 36-month plea offer. Based on the record presented during the hearing, the trial court concluded that Petitioner was interested in pleading guilty only if he could secure a leniency deal for one of his co-defendants. When the prosecution rejected Petitioner's proposed caveat, Petitioner rejected the plea deal and proceeded to trial. The trial court determined that Petitioner's failed caveat severed any possible link between counsel's conduct and Petitioner's decision not to plead guilty.

Petitioner appealed the trial court's ruling and the Minnesota Court of Appeals affirmed. The court of appeals did not address whether Petitioner's counsel met the applicable standard of care, but agreed with the trial court that Petitioner was not prejudiced in any event.

Petitioner sought review from the Minnesota Supreme Court, which denied his Petition for Review. Petitioner then filed the instant Petition seeking relief under 28 U.S.C. § 2254(d). Following full briefing and a thorough review of the record, Magistrate Judge Rau recommends that the Petition be denied because the record does not support a finding

that Petitioner was prejudiced by his counsel's advice, even assuming that advice was flawed.[1]

Petitioner objects to Magistrate Judge Rau's recommendation on the grounds that the R&R fails to address 28 U.S.C. § 2254(d)(2), which requires an analysis of whether the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented[.]" (Pet'r's Obj. (Docket No. 15) at 2.) Although Petitioner is correct that the R&R's analysis focuses on § 2254(d)(1),[2] the R&R also addresses § 2254(d)(2) and undertakes a detailed analysis of the facts relied on by the state court, as required.

Petitioner also contends that the Magistrate Judge unreasonably determined the facts relied on by the state court in concluding that he was not prejudiced by his counsel's advice. For the reasons stated in the R&R, the record amply supports the R&R's determination that Petitioner has failed to establish the requisite prejudice.

**B.      Certificate of Appealability**

This Court may grant a COA if the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). "Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate." Kramer v. Kemna, 21 F.3d 305, 307

---

[1] Magistrate Judge Rau appropriately did not address whether Petitioner's counsel provided objectively reasonable legal advice because the state court of appeals did not address that issue.

[2] Section 2254(d)(1) provides relief when the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established federal law[.]"

3

(8th Cir. 1994). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); see also Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Although the Court is convinced that its decision is correct, Petitioner has succeeded in showing that reasonable jurists could differ as to whether he has a viable claim for ineffective assistance of counsel. Thus, the Court will grant a COA on that ground.

**C. Conclusion**

For the reasons stated above and in the R&R, Petitioner has failed to establish a claim under 28 U.S.C. § 2254(d). Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's application for a writ of habeas corpus (Docket No. 1) is **DENIED**;

2. Petitioner is **GRANTED** a Certificate of Appealability; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 30, 2013

                                                *s/ Paul A. Magnuson*
                                                Paul A. Magnuson
                                                United States District Court Judge